IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FORESTRY SYSTEMS, INC. | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:11CV295 |
| PHILIP C. COYNER, ELIMBS, LLC | ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Presently before the court is Plaintiff's Motion for Temporary Restraining Order (Doc. 3). For the reasons that follow, this court grants that motion. Any findings or conclusions in this Memorandum Opinion are based upon the limited record as relates to Plaintiff's motion for a temporary restraining order ("TRO") and are made for the limited purpose of deciding that motion. These findings and conclusions are made without prejudice to future presentations of evidence or arguments by the parties.

I. **LEGAL STANDARD**

As an initial matter, this court notes that Plaintiff has moved for a TRO without notice to Defendants pursuant to Federal Rule of Civil Procedure 65(b)(1). Plaintiff's attorney has filed an Attorney Rule 65 Certificate (Doc. 5) in accordance with Rule 65(b)(1)(B), setting out the reasons why notice to Defendants

should not be required.  Furthermore, this court notes that the specific facts set forth in the supporting affidavits clearly show that immediate and irreparable loss and damage will result to Plaintiff before Defendants can be heard in opposition.  This court finds, based upon the specific facts of this case, that the TRO may be issued without notice pursuant to Rule 65(b)(1), in part because notice would give Defendants the opportunity to unlawfully destroy or disseminate information that constitutes trade secrets.

Turning to the merits of Plaintiff's motion, "A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter v. NRDC, Inc., 129 S. Ct. 365, 374 (2008) (citations omitted); see also, e.g., Martinez v. RegisterFly, Inc., No. 1:07CV00188, 2007 WL 1028516, at *1 (M.D.N.C. Mar. 21, 2007) (applying the preliminary injunction standard to a motion for a TRO).  "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 129 S. Ct. at 375-76 (citation omitted).

II. ANALYSIS

This court concludes that it has jurisdiction to decide Plaintiff's motion for a TRO at this time. Plaintiff's Amended Complaint (Doc. 2) sets forth claims under both federal and state law, and thereby invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1131 and 1338. (Doc. 2 ¶ 5.) The Amended Complaint also alleges supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to the state-law claims. (Id. ¶ 6.)

**A. Plaintiff is likely to succeed on the merits**

In order to satisfy the first prong of the test for preliminary relief, Plaintiff must show that it will likely succeed on the merits. Plaintiff has presented the affidavits of Todd Cohen, a Senior Support Technician, and Patrick Jenks, President of Forestry Systems, Inc. The affidavits allege in detail the manner in which Plaintiff discovered the unauthorized access, removal, and destruction of data and software file information. The information accessed and removed related to Plaintiff's software entitled Yardmaster System.

Plaintiff has set forth evidence from which this court finds, for present purposes, that the information obtained by Defendants is trade secret information. North Carolina law defines "trade secret" as

> business or technical information, including
> but not limited to a formula, pattern,

3

> program, device, compilation of information, method, technique, or process that:
>
> > a. Derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use; and
> >
> > b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

N.C. Gen. Stat. § 66-152(3) (2009). Plaintiff's description of the software and files that were removed, Plaintiff's efforts to protect that information, and the commercial success of the programs and data, all set forth in the affidavits of Cohen and Jenks, preliminarily establish that the information is trade secret information. Further, Plaintiff's description of the relevant events falls within the definition of "misappropriation" under N.C. Gen. Stat. § 66-152(1). This court thus concludes that Plaintiff has sufficiently demonstrated, for TRO purposes, that Plaintiff is likely to succeed on the merits.

**B. Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief**

This court concludes that Plaintiff has adequately demonstrated that it is likely to suffer irreparable harm in the absence of preliminary relief. The loss of commercial advantage due to the removal, theft, and potential dissemination of Plaintiff's trade secret information, as described in Plaintiff's pleadings, establishes the irreparable harm Plaintiff will sustain in the absence of a TRO. This court finds that dissemination of Plaintiff's trade secrets would be irreparable because the extent of the dissemination would be difficult to ascertain and because the monetary harm caused by Plaintiff's loss of commercial advantage could be impossible to quantify.

**C. The balance of equities tips in Plaintiff's favor**

This court concludes that, for TRO purposes, the balance of equities weighs in Plaintiff's favor as the computer data and programs were removed from a computer system by a competitor of Plaintiff without authorization. It also appears that the information was removed for the purpose of providing Defendants information as to Plaintiff's trade secrets and previously undisclosed commercial information.

**D. A TRO is in the public interest**

This court concludes that the public interest weighs in favor of the issuance of a TRO. Plaintiff's affidavits contain

facts that support a finding that Defendants intentionally, and without permission, accessed a protected computer in a manner that affects interstate commerce.  Put simply, the public interest favors protection of trade secrets.

**III. AMOUNT OF SECURITY**

Federal Rule of Civil Procedure 65(c) provides: "The court may issue . . . a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  This court finds that a bond in the amount of $1,000 (one thousand dollars) is sufficient to pay Defendants' costs and damages in the event Defendants are found to have been wrongfully restrained.  In support of this determination, this court notes that if Defendants have not in fact accessed, destroyed, or removed Plaintiff's computer software data and information, the TRO will have little impact.

**IV.  CONCLUSION**

For the foregoing reasons, this court concludes that Plaintiff's Motion for Temporary Restraining Order (Doc. 3) should be granted.

**IT IS THEREFORE ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, affiliates, and those persons in active concert or participation with Defendants are

enjoined from using, copying, distributing, decompiling, or destroying software, data, and any other electronic information originating with Forestry Systems, Inc. or Gilco, Inc. that was downloaded from computer servers in the custody of Gilco, Inc. Any computer data storage media having the software shall be held by Defendants, in their custody and control, without modification or change until further order of this court. This Temporary Restraining Order shall become effective upon entry of this order and the posting of the bond as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall post a bond in the amount of $1,000 (one thousand dollars).

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's request for a preliminary injunction (see Doc. 2 at 9; Doc. 3 at 1) shall be held on Tuesday, April 26, 2011, at 9:30 a.m. in Greensboro, Courtroom 1, or such other courtroom as may be set by the Clerk.

This the 15th day of April, 2011, at 5:35 p.m.

                                                      _William L. Osteen, Jr._
                                                United States District Judge